Case number 183581, Michael Bailey v. Lyneal Wainwright Argument not to exceed 15 minutes per side. Katie, you may proceed for the appellate. May it please the Court, Erin Katie from Kirkland & Ellis on behalf of Michael Bailey. Twice in the last seven years, this Court has explicitly recognized that a parole board's reliance on false information in a parole file could constitute a due process violation in an appropriate case. This is that appropriate case. In Keith, the Ohio Supreme Court confirmed that Ohio law creates a constitutionally protected liberty interest in accurate parole records. Although Ohio's parole statute is discretionary, Keith recognized limits to that discretion. The parole board may not rely on parole records it knows or has reason to know are factually inaccurate. And when an inmate credibly alleges an inaccuracy, the parole board must investigate and correct it. The Ohio Supreme Court has therefore already recognized a due process interest in a factually accurate parole record. Let's just say that's right. The question becomes how to vindicate it. I see 2241, I see 2254, I see 1983, and I'm afraid 2254 looks like the hardest of the three. I'm guessing you weren't consulted at the time this complaint was filed, but it just seems hard given the language. But go ahead. So I think that this case is cognizable under 2254A. Mr. Bailey did bring this case in the Ohio State Courts. He pursued that case all the way up to the Ohio Supreme Court before filing his action in federal district court here. I think that the case is cognizable under 2254A because the Ohio courts did not adjudicate Mr. Bailey's claim on the merits. And under the Supreme Court's precedence and this court's precedence on what constitutes on the merits, I think... Is there a single court that has granted relief in this kind of setting under 2254? So I believe the Sixth Circuit has. I thought that was 2241. In Terrell, it was 2241. But the court has, in two other cases, considered these types of claims under 2254. And that is the Adams v. Bradshaw case cited in footnote 3 of our opening brief, and in another case, Wilkins v. Timmerman Cooper, 512 Federal 3rd 768. Now, in that case, the court did affirm the dismissal of a 2254 action, but it never considered whether the claim was not cognizable under 2254. Did the other one come to grips with this 2254 language that it's only on the ground that he's in custody in violation of the Constitution, which seems tricky given that getting parole is discretionary. So it's just hard to say he's in custody in violation. I mean, that's why it looks so much more like a 1983 claim, but... Sure. So the Adams case was not a parole situation, but it was a situation where it was a death penalty case. So the court was coming to grips with whether a specific method of execution was constitutionally permissible. And the court did grapple with the Pricer and other... Wouldn't that change the judgment if you're challenging the method of execution? The court did not say it did in that case. It would go to the validity of the judgment, though, correct? If the sentence is unlawful and the judgment incorporates the sentence, doesn't that mean there's a defect in the judgment? I think... Which makes it cognizable under 2254? Perhaps. But at least in this case, we definitely don't disagree that this case is also cognizable under 1983. And as you mentioned, Judge Sutton, it is far easier to bring a case under 1983 than 2254. You guys like challenges, though. On 2254, would you agree that the judgment here is not unlawful? Correct. And don't you need an unlawful, either unconstitutional or contrary to some federal law, judgment to obtain relief under 2254? I thought that was the sine qua non to 2254 relief. I think it's at least unclear after this court's case in Terrell. I recognize that that's a 2254, 2241 case. Let's say that we don't read Terrell that way. I mean, there's a case, Edelman, that says you have to have an unconstitutional judgment in order to get relief under habeas. And if you don't, it's not cognizable. I mean, why isn't that just kind of a straightforward answer to this 2254 claim? I think there's no straightforward answer because Mr. Bailey was a pro se plaintiff, an inmate filing this claim. And I think that the Supreme Court's precedents dating all the way back to 1971 in the Will Wording case would tell us that the court should construe his claim to put it in the bucket that it is best suited. So even if this claim is not cognizable under 2254, I think it's certainly cognizable under 1983. And the district court erred by not construing it as such. Well, I mean, is there any precedent that says a district court is bound to construe the claim to be different in kind, to construe it to be under a different statute than the one that's specified, as opposed to reading liberally certain factual allegations or that sort of thing? Have we ever said a district court has an obligation to correct the section number? Well, in the Will Wording case, the Supreme Court said that pro se plaintiffs are entitled to have their actions treated as claims for relief under the Civil Rights Act, which I think is precisely what we're asking here. But I would push back a bit, Judge Kepledge, on the notion that his claim is different. I mean, his underlying constitutional claim remains the same. He just put it in the wrong bucket of 2254 versus 1983. And going back to Judge Sutton's point, he went through a lot more procedural hurdles than he would have had to under 1983. Is there any impediment to him filing a 1983 claim if he were not able to proceed under 2254? Is there issue preclusion or something, claim preclusion, time bar? I think there could be. There also could be, I suppose, I'm not sure for Mr. Bailey what the issues would be, but I think a broader concern that this court should have is what to do with kind of the other plaintiffs that are in Mr. Bailey's shoes. Even if there is no time bar for Mr. Bailey, who is in prison indefinitely, perhaps for another prisoner there could be a time bar issue. I don't think it would be equitable for the court to just dismiss the claim because he happened to bring it under the wrong action, which I think a fair reading of the court's cases would indicate that he at least wasn't obviously wrong to choose 2254. If he is wrong, then he's got a problem. I mean, he does seek relief under 2254. I don't know if we can sort of rewrite the statutory ground on which he's seeking relief. I'm just not aware of any case where we would say the district court had that obligation. Well, I would point the court to the Nettles case from the Ninth Circuit in 2016. That's 830 Federal 3rd 922. Is that a helpful case to you? It is not on the substance, however. In the sense that the court can construe the claim as a 1983 claim, I think it certainly is. And subsequent to Nettles, there are other cases from other circuits in which the courts have vacated the district court's decision and remanded precisely to allow a pro se plaintiff to amend their pleading, avoid any potential time bar issues, and bring it back up under 1983, recognizing that the Supreme Court and every circuit that I'm aware of construe pro se plaintiffs' claims very liberally. And what's your best case or your best argument for why there is, in fact, an overlap between 2254 and 1983 that would suggest that the initial decision to file in habeas was appropriate? I think that the best case is probably the Terrell case from the circuit. And again, I recognize that that's not... And Adams too? And Adams as well. I think when you read those two together, it's at least, it's hard to see where the line is. And certainly, I can't imagine a pro se prisoner being able to tell. I also think that... That's one of your best arguments. I agree. It's not intuitive where the line is. But sadly, there is a line. Well, the question is, where is the line? Is it a line of overlap or is it a line of segregation? And so the question becomes, what types of claims can be brought under each of those various headings? And I guess my question to you would be, in supporting this petition, what is it about this petition that you think makes it fit within an overlap area? So the Terrell case was a case in which a federal prisoner brought a habeas action about a specific parole procedural issue. It was, I believe, whether the federal courts could have a video conference parole hearing. So I find it very difficult to read that case and then look at Mr. Bailey's claim here and say that after Terrell, there's no Venn diagram overlap between 2254 or habeas generally, as the Terrell holding talks about habeas generally, even if it was a federal habeas case, and say that Mr. Bailey should have known that he was, in fact, attempting to file a 1983 case. Maybe I'm missing something, but I thought Judge Stranch was making the point that how does 2254 overlap with 1983? And your answer seems to be, well, 2241 is a lot like 2254. I don't know why – how that helps you with showing it's like 1983. So what am I missing here? I mean I thought the debate was 2241 versus 2254. Now we're talking about, well, let's just treat it as a 1983 claim. I'm not getting – there is a line between those. We don't think of them as just the same, right? So maybe I'm not understanding your Terrell argument. Maybe that's part of my problem. Sure. So the holding in Terrell is that challenges to parole procedures can be brought under habeas and the equivalent civil action. So the holding of Terrell is broad, and it's not specifically clear that the court was only talking about federal habeas statutes. Right. No, I agree with that. But then you have to say, okay, let's now look at 2254, and then let's compare it to 2241. And under 2241C, you've got these five options, and I'm going to guess Terrell doesn't spell out that it was granny relief under C3. That would be unfortunate. I mean that would be great for you if it did. So that leaves all these other possibilities, and we have 2254, which has the kind of specificity you need. Again, I think I have to fall back to the point that for a pro se plaintiff, this is a very complex question, and I don't think that the courts would hold that level of knowledge for a pro se plaintiff to understand the contours of 2254 versus 2241, especially when they see the word habeas and they see the word parole, and it seems from the Terrell case that parole procedures can be brought in 2254. That's a good distillation of your position. All right. You'll get your full rebuttal.  May it please the court. We ask this court to affirm the judgment of the district court. In my understanding of this court's precedent and the way the lower courts have dealt with it as well, no inmate in Ohio, to my knowledge, can bring a habeas petition under 2241. The case law seems to say that every case, including the execution. Well, before we get into that, just one real quick thing. If you're right that this claim is not cognizable under 2254 and we affirm and he refiles under 1983, are you going to assert time bar? He'll have another parole hearing, so I guess if he does it as to that parole hearing, I wouldn't, but we wouldn't. How often does he have parole hearings? I'm not sure what his block was. Eight times in 15 years? Wasn't it eight times in 15 years? I don't know what his level. I believe he had a hearing in 2017, but I'm not sure. He was continued to 3-2020, I think, so he'll have one coming up early next year. Continued until when? March 2020. Your point is there would be no problem with his bringing one after March 2020? I can't assert what the defenses or corrections unit would assert. I am in the habeas unit, so I don't see an issue if he's challenging the new parole hearing. Why is there an issue even if he files it tomorrow as to the last one? Because it's a two-year hearing. Wouldn't there be equitable tolling? I don't know about that. There could be, depending on, again, he has to do grievances and things like that, so I'm not sure. My main argument, as well, is there is a remedy here. The Ohio Supreme Court, when they recognized this availability of this issue of having an accurate parole file, said we're granting mandamus. The Ohio Supreme Court provided a remedy for inmates to pursue mandamus in state courts to get accurate information in their parole file, and if there's false information, to get that corrected. Mr. Bailey pursued mandamus on a different issue. In that decision, the Ohio Supreme Court cited their decision in Keith, and yet Mr. Bailey has never pursued a mandamus action. He filed some sort of motion. But he's pursued a number of other actions all the way through the Ohio courts. He pursued a motion to correct the record, but the issue is not in the Ohio courts. His argument is with the parole authority. The Ohio Supreme Court has said you have this right to have accurate information in your parole file, and they granted a mandamus action for Keith. So there is this remedy available for him, and he can pursue it, and he just never has. Was that why the action he did file was denied? Did they say, hey, you lose because you didn't seek this quote in mandamus? No, his action, which he filed with a bunch of other inmates, was a difference between old law and new law inmates. No, I thought there was some litigation in the state courts where he said the record of the parole board is inaccurate in describing my crime. He did file some kind of motion to correct the record in the Ohio courts, but he filed it with the trial court, I think in his criminal case. Like that's not where you file an action. Okay. So I get he's barking up the wrong tree point, but is that why they rejected the claim? Or did they reject him in the merits? I thought from reading the briefs he rejected the claim. I think they said that we didn't have jurisdiction. I thought they said they didn't have jurisdiction over the issue, but I'm, I mean, it's in. I thought he tried with the parole board, and they said, yeah, we're correcting it, and all they did was correct the date of his conviction. Which proves they did have jurisdiction. They did do something. No. Because they corrected the date. We're conflating two different things. There was an Ohio procedure that he filed in his trial court criminal action, to my knowledge, to correct the record, and I believe they said they didn't have jurisdiction. I'm not certain about that, because the case has long been final. But he wrote letters, essentially using the grievance action that is available to inmates in prison, saying, I'm not happy with this. My record contains false information. Correct it. And they said, we're correcting this. And they also said that we no longer believe what the prosecutor's version of the facts was. So he's gotten responses, but that's the grievance procedure. Again, that's not a court action. There is, in Keith, they said, we have this court action. You can get mandamus relief if you have, show us that you have false information in your parole file. They later corrected that in Keith. They said, it can't be all. There was a second Keith. And they said, it can't be all false information. It has to be material and misleading information. So like in Keith, I think, said, you say that I completed a course that I didn't complete. And the Ohio Supreme Court said, we're not granting you a mandamus. You would agree here if his allegations are accurate, this is material. Well. Different descriptions of the crime. There's a breast case from the Ohio Supreme Court in March of this year that said, an inmate challenged, he said, I didn't gun down the victim because the victim walked away from the scene of the crime. And they said, well, that's kind of a distinction without a difference. And then they said, you shot and killed the victim. And he said, no, the victim lived for nine days. So there are some disparities. So it's not entirely clear that his belief in the version of the facts and what his co-defendant did or did not testify to, that the Ohio Supreme Court would say that was material or not material. Well, I understood that he pursued his claims of factual inaccuracies in his parole record, all the way to a final decision by the Ohio Supreme Court. Now, is that incorrect? He did pursue the claim. But the issue is, is that the proper procedure for pursuing that claim? And I believe, I can't remember, I think the Ohio Appellate Court said, we don't have jurisdiction over this. I'm not sure if he attached it to his petition or if that's just from me looking at it. Because, again, we're on a Rule 4, so I don't know what all was before the court in his petition. I did not, we did not have the opportunity to respond. Here it is. Okay. Page ID 36. He filed a post-trial motion to correct inaccuracies in the post-sentence investigation report. No pre-sentence investigation. The Department of Correction or a designee can prepare that. He got that. They had said, your pre-sentence report says this. And he said, it couldn't say that. There wasn't a pre-sentence report. Exactly. So they said, okay, we're going to correct the date of your conviction, and we're going to correct it to say post-conviction and nothing else. None of the factual issues that he raised were ever altered. I'm not sure about that. I believe they did take out something about whether the person was shot execution style. But I don't know about other, I mean, again, we are left with the record that he filed. Anyway, in here it said, his post-trial motion did not invoke the continuing subject matter jurisdiction of the Lucas County Court of Common Pleas following conviction without subject matter jurisdiction. The trial court can't adjudicate it. And so they dismissed it. So how about your response to, so one argument I heard was, okay, fine, it's filed under 2254. It's true, Terrell's 2241. What's the big deal? Why don't we at least treat it as a 2241? And Terrell says we can handle these types of claims. Well, it's my understanding from this court's cases that all state habeas petitions filed by state inmates in Ohio have to be filed under 2254. They can't use the 2241. I believe it said the 2241 was relegated to pretrial detention, like a double jeopardy type. Doesn't Terrell allow this exact claim under 2241? Well, I'm not sure which one came last. I'd have to look at that. But in any event, it's my understanding, like for federal inmates, they have to use 2241 for method of execution, like an execution of the sentence claims. It's my understanding that in Ohio, the case law that I've read all says that they all have to be brought in 2254, and you have no exception under 2241 unless you're a pretrial detention inmate. But in addition, I would argue that the Ohio Supreme Court's decision did not find liberty interest in parole records. They found that, essentially, under our statute, to give meaning to our statute and to provide the integrity of the process, we expect that the records are accurate. Inaccurate records could benefit the inmate or could harm the inmate. There's nothing in the process that said it was mandated that all favorable information be corrected but no unfavorable information be corrected. That's not an issue here, is it? Hasn't he made a specific request for what he seeks? Yes, he has. He wants damaging information to him that he believes has resulted in denial of parole for 15 years beyond the time that his sentence specifically said he could be considered for parole. Right, but the issue is did the Ohio Supreme Court's decision make a liberty interest in these parole records? Nothing in there directed the Ohio Parole Authority as to how to pursue or proceed in these parole hearings, what outcome to come to. It just said you have to have accurate information. Don't we have jargons in our court? It did come before Keith, but what it explained was it was the precursor. It said there's no decision or any binding circuit precedent that forecloses the possibility that in an appropriate case a parole board's reliance on unconstitutional factors or even false information in the parole file could constitute a due process violation. Then it says that's not the case here. Then we have Keith, and then Keith fits right into the spot that the Sixth Circuit had recognized in jargons, doesn't it? Keith says, and Ohio can say, for our integrity of our process, for our statutes, we want to make sure our parole system is above reproach, essentially. They can do that, and they still don't create a liberty interest. There are many reasons why a state would create process, and not all of them are vindicated through the U.S. Constitution, through the due process clause. Here, this is one of them. It would be odd to say, okay, Ohio, pre-Keith, everything was discretionary. There was no liberty interest. Is your view that there can never be a liberty interest in parole proceedings because parole is discretionary? No. My belief is that you have to look to the law, and the law says if you place substantive limits on official discretion, particularize standards or criteria that guides the decision makers, and you mandate the outcome to be reached, finding relevant criteria has been met. Here, none of that is present in the Keith decision. They simply say when it's material and misleading information, it should be corrected, and that's to give effect to our statute. Our statute has to have meaning, and in order to have meaning, you have to be judged by your own criteria. They decided that based on their own precedent, their own view of their statute under Ohio law, and nothing in that. There's quite a few hypotheticals where it just seems odd that you wouldn't have a liberty interest. I mean, one reason you have clemency in parole is to put in new facts. It turns out sometimes people, the wrong person was convicted, or it turns out the crime was very different, and they should have been convicted, if at all, for something quite a bit less. Maybe they were trying to save somebody. No one knew it at the time. That comes out in the parole hearing. And your position is even this incredibly stark contrast between the record of conviction and the record of the parole hearing, they don't have to honor what comes out in the parole hearing. I'm not saying that. I'm saying Ohio has a— Under the federal due process. That is what you're saying. Under the federal due process, there is no— and again, this is allowing for—to understand that state courts can apply their own law and can enforce laws and rights and guarantees equally, sufficiently. It's federalism all bound up into one. There's no reason why— Federalism with a Supreme Court backstop and habeas backstops, 1983 backstops. Right, but there's no need, again, where the U.S. Supreme Court has specifically said that in order to find a liberty interest, you have to have these particularized standards that guide the decision maker and mandate the outcome to be reached. How did Keith not do that when it overruled Hattie v. Goldhart to make the determination that the adult parole authority may not rely on information that it knows or has reason to know is inaccurate? Because, again, that doesn't tell the adult parole authority what to look at. It says you can't look at inaccurate information, but it doesn't say how much weight to give certain criteria or what result to reach. Well, I'm struggling with that because if it says— if you have a case that says parole board, you may not rely on inaccurate information. We overruled an earlier case that said you could. What more does a court need to say? There is an allegation based on the record at trial and what is known to be before the parole board that is a reasonable, comparative informational pieces from two documents that show a parole board that there are inaccuracies in the parole record. And your position is this case doesn't say you can't do that? Right. And, in fact, there is case law from the U.S. Supreme Court that says not all procedures that are instituted for executive agencies or executive bodies come under the due process clause no matter how big the impact. Woodard is a case from the U.S. Supreme Court where I feel like you're channeling the exact arguments. I tried to make the U.S. Supreme Court, and they rejected them. And they said if you do something utterly irrational in implementing parole, even though it's discretionary, it is still going to implicate liberty interests protected by the due process clause. That's a U.S. Supreme Court decision rejecting Ohio's position about parole. Utterly irrational? Throwing darts. That was the example that killed us in that case. So I know the issue pretty well, and I think you're pushing a little hard and saying there's no liberty interest at all in this type of thing. Maybe this case, that might be true, but I wouldn't push the point too sweepingly. The Supreme Court cases speak for themselves. Do you know Woodard? Do you know the case I'm talking about? I do know Woodard, but I don't see how that erases Greenholz or Olim. Those all say that absent mandatory, particularized standards that direct the outcome, you don't have a liberty interest. Go for it. Why shouldn't we cut him some slack and vacate and remand and direct the district court to let him amend his complaint to assert a 1983 claim rather than 2254? I mean, if the case law would allow it, I don't see, I wouldn't necessarily be opposed to it. I mean, there are different standards. There's a different filing fee. There's a different exhaustion mechanism. There's all sorts of differences in the two procedures. Are you not objecting to that? Oh, I can't. I mean, you're the representative of the state. It's not somebody who's not in the room. Right. What's the state's position? My position is he can't even file a 1983. My position is he can't even file a 1986. I'm not asking, well, okay. Okay, so you're saying it would be futile? Right. All right. Ms. Katie, Katie Rapetto. Just a few clarifying points to start. The state has never argued that the claim is not cognizable under 2254. I think perhaps where there's some confusion is whether Mr. Bailey brought the claim all the way up to the Ohio Supreme Court, which he did. Now, it's true that the Court of Appeals dismissed it on jurisdictional grounds, but that argument is clearly spelled out in our reply brief. Just out of curiosity, there's no reason you would necessarily know that in this case, but is there a mandamus route? I mean, was that what happened? He just picked the wrong avenue? You're not sure? I'm not sure. But certainly there's nothing in the Court of Appeals decision that would tell us either way. Nor was there a jurisdictional charge in the briefing before this court by the government, correct? Correct. On the question of viability of the claim under 1983, Nettles provides grounds for conversion from a 2254 petition to 1983. Another case that the court could look at is Crewetby, Alabama, 647 Federal Appendix 909, another case out of the 11th Circuit in which the court vacated a dismissal of a 2254 action and remanded. Just to let you have a chance to respond to my modest anxiety about this argument, I get the idea we construe pro se complaints liberally, but speaking off the cuff, my much stronger preference is to say this is a very serious difference between 2254 and 1983, even though it's not something obvious to pro ses or even most lawyers. As long as we do it without prejudice and kind of defiling the 1983, explaining that there should be no time bar given everything he's done, I personally way prefer that. I want you to respond to me. But the reason I way prefer it is otherwise it makes people even looser about this stuff. And before you know it, it's 1983, 2254, state law claim. I mean, at some point you just have to draw some lines, and I don't understand how your clients hurt if it's dismissed without prejudice. You know, we acknowledge there should be equitable tolling or something. He can file away in a 1983. It just seems we've got to have a few rules here. Perhaps. That's in the interest of lawyers to have a few rules, by the way. Indeed. I think that the problem is that Mr. Bailey, I think he acted in reliance on this court's cases and the Supreme Court precedent in this area, which I don't find clear. So if this court were to create a bright-line rule, I think that that is fine for future positions. You don't really want us to convert it to 2241, do you? That puts more roadblocks, potential roadblocks. I mean, that to me is a – that argument makes a little more sense to me, 2254, 2241. I don't know what our precedents say, but that source of confusion is a little more forgivable than 2254 versus 1983. But I would have guessed that's actually not your best move for the client, convert this to 2241. You're just going to – it's complicated. It is. Tyrell might not be right. I think that the best remedy is to vacate the decision and remand it and let Mr. Bailey replete his claim as he sees fit, and I think that 1983 is a very good box to put this in. How about giving the district court discretion whether it would allow an amendment to the complaint? I suspect giving the district court discretion means – A bargaining. This is a good offer. I suspect that the district court will not – Oh, my gosh. You won't give up anything. These people are so tough. To vacate a district court's judgment, we need some lawful ground to do that, to point to something that's contrary to law that the district court did. And I'll just be candid. I'm struggling to say the district court acted contrary to law when it did not sua sponte itself convert the 2254 to a 1983 or direct him to amend it to that effect. I mean, I'm not aware of any law that said the district court had that obligation, and so I'm struggling to see the lawful basis on which we would do that vacater. And Judge Polster has a lot of time on his hands. He just loves when he gets new opportunities. Precisely. Judge Cuthbert, if I may. Oh, he's lost, but . . . I think I read the Will Wording and Castro cases differently. I think that the district court did have an obligation for a pro se prisoner to ignore the legal labels and construe the claim in the light most favorable to the plaintiff, and perhaps here that was 1983, and the district court did not do that. Okay. All right. Thanks so much. We appreciate both sets of briefs and your arguments. Ms. Cady, I see you're court appointing counsel. Boy, Mr. Bailey's really lucky. Thank you so much for representing him. It helps us. It helps our system, so we're really grateful. Thank you. All right. The case will be submitted, and the clerk may call.